UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERNEST HOUSTON,<br><br>　　　　　　　　　Plaintiff<br><br>　v.<br><br>CLARK COUNTY EX REL,<br><br>　　　　　　　　　Defendants | Case No. 2:19-cv-01705-JAD-BNW<br><br>ORDER |

**I.　DISCUSSION**

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by an individual who has been released from the custody of the Nevada Department of Corrections. Plaintiff submitted an application to proceed *in forma pauperis* for prisoners. (ECF No. 1). The Court denies the application to proceed *in forma pauperis* for prisoners as moot. The Court now directs Plaintiff to file an application to proceed *in forma pauperis* by a non-prisoner within thirty (30) days from the date of this order or pay the full filing fee of $400. The Court will retain Plaintiff's civil rights complaint (ECF No. 1-1) but will not file it until the matter of the payment of the filing fee is resolved.

In addition to the complaint, Plaintiff filed a list of exhibits. (ECF No. 3.) The exhibits contained unredacted personal information in violation of Federal Rule of Civil Procedure 5.2. As such, the Clerk of the Court restricted access to the exhibits and advised Plaintiff to file a redacted copy for the public record pursuant to Nevada Local Rule of Practice IC 5-1. (ECF No. 4.) Plaintiff has filed a motion apparently requesting that the Court redact the exhibits for him and indicating that he inadvertently forgot to include the exhibits with his complaint. (ECF No. 5 at 1.)

The Court does not redact documents on a party's behalf, and Plaintiff's motion is denied. However, based on his motion, it appears that Plaintiff may not have understood the problem with his exhibits. As such, the Court clarifies that Federal Rule of Civil Procedure 5.2 requires parties to redact, or remove, certain personal details from filings.

Fed. R. Civ. P. 5.2(a).  In particular, the rule requires filings to limit private information in the following manner:  only the last four digits of a social security or taxpayer identification number; only the year that an individual was born, not the day or month; only the initials of any minors; and only the last 4 digits of any financial account number.  *Id.*  Plaintiff should refile his exhibits after removing or blacking out any prohibited private information.

## II.     CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* for prisoners (ECF No. 1) is DENIED as moot.

IT IS FURTHER ORDERED that the Clerk of the Court WILL SEND Plaintiff the approved form application to proceed *in forma pauperis* by a non-prisoner, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

IT IS FURTHER ORDERED that within thirty (30) days from the date of this order, Plaintiff will either: (1) file a fully complete application to proceed *in forma pauperis* for non-prisoners; or (2) pay the full filing fee of $400.

IT IS FURTHER ORDERED that if Plaintiff does not timely comply with this order, this action will be dismissed without prejudice.

IT IS FURTHER ORDERED that the Clerk of the Court will retain the complaint (ECF No. 1-1) but will not file it at this time.

IT IS FURTHER ORDERED that Plaintiff's motion for the Court to redact his exhibits (ECF No. 5) is denied.

IT IS FURTHER ORDERED that the Clerk of the Court WILL SEND Plaintiff a courtesy copy of his exhibits (ECF No. 3).

IT IS FURTHER ORDERED that Plaintiff should file a copy of his exhibits with any prohibited private information removed.

DATED THIS  11   day of August 2020.

UNITED STATES MAGISTRATE JUDGE